JOHN A. DIXON, Jr., Judge.
Plaintiff sues to recover an amount claimed to be due as the result of a verbal lease or charter of a barge. There was judgment in favor of the plaintiff and against the defendant in the amount of $4,237.00, with interest and costs. From this judgment the defendant appeals.
Alex E. (Dick) Guidry was an officer of the plaintiff, L. & L. Oil Company, Inc. Vories P. Cheramie was an officer of the defendant, Cheramie Inland Towing Company, Inc. Except for the witness, Lee *654 Adams, these two men were the only ones who testified on the trial of the case. Lee Adams was also an officer in the plaintiff corporation. He took no part in the negotiations for the lease of the barge between the plaintiff and defendant.
The defendant, Cheramie Inland Towing Company, made an agreement with a concern called Cargo Carriers, to tow fish oil for Cargo Carriers. The defendant found it necessary to .rent a barge in order to tow the oil for Cargo Carriers. Mr. Cheramie, acting for the defendant, negotiated with Mr. Guidry, acting for the plaintiff, in June of 1958, and agreed to lease a barge from the plaintiff for a rental of $1,200.00 per month. In the first part of July, a new rental arrangement was made. The plaintiff contends that under the agreement in July, the rental was $1,000.00 a month, and the defendant agreed to keep the barge for six months.
The testimony discloses that the original $1,200.00 per month was a monthly rate; that the defendant was to have used the barge when needed, return the barge to the owner at the end of the trip, cleaned in such a way that it could be used by another lessee. Considerable expense was involved in cleaning the barge. The new arrangement made in July would have eliminated the cost of cleaning for the defendant, and would have assured the plaintiff a monthly rental (distinguished from a “rate”) of $1,000.00 per month for six months.
The defense attempted to establish that the defendant was merely acting as broker between Cargo Carriers, Inc. and the plaintiff, and that Cargo Carriers was the one who really owed the balance under the July rental agreement.
Plaintiff’s officer, Mr. Guidry, testified that the new arrangement was made as the result of a telephone call from a person connected with Cargo Carriers. Immediately after the conversation with the representative of Cargo Carriers, Mr. Guidry communicated with Mr. Cheramie, who acquiesced in the new arrangement. Mr. Guidry testified that he asked Mr. Cheramie whether he wanted the plaintiff to bill the defendant or Cargo Carriers; the defendant replied, “No, bill me and I will bill them.” This was the practice followed during the time the defendant actually used the plaintiff’s barge. Bills were made from the plaintiff to Cheramie Inland Towing Company, Inc. All bills through September 11, 1958, were paid by the defendant to the plaintiff.
The barge was returned by the defendant to the plaintiff in September, with some fish oil in it. The plaintiff expended the sum of $400.00 in cleaning the barge so it could be used again.
This case involves purely a determination of the facts. We find no indication of error in the record. The testimony of the three witnesses indicates that there was no disagreement between the plaintiff and the defendant as to the terms of the lease agreement on the barge, or as to the party who was responsible for the payment of the rental to the plaintiff.
The judgment appealed from is affirmed, at appellant’s cost.